NO. 07-07-0356-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 11, 2008

______________________________


IN THE INTEREST OF J.X.P. AND D.M., CHILDREN

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-503,708; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Elana Sneed, filed this accelerated appeal to challenge the trial court’s
order terminating her parental rights to her children J.X.P. and D.M and appointing the
Texas Department of Family and Protective Services (DFPS) as permanent sole managing
conservator. Presenting a sole issue, Sneed maintains the trial court abused its discretion
and committed reversible error when it denied her Motion for Continuance of the final
hearing and/or denied her Motion for New Trial when final disposition resulted in
termination of her parental rights. We affirm.
          An appeal of a final order rendered under subchapter E of chapter 263 of the Texas
Family Code is governed by the rules of the Supreme Court for accelerated appeals in civil
cases and by the procedures set forth in that chapter.


 A final order terminating the
relationship between a parent and child and appointing DFPS as permanent managing
conservator is an order rendered under subchapter E of chapter 263. Therefore, the
accelerated appeal of the order in this case is governed by the procedures set forth in
Chapter 263.
          Chapter 263 of the Texas Family Code requires a party intending to appeal a final
order rendered under subchapter E to file with the trial court, no later than fifteen days after
the final order is signed, a statement of points on which the party intends to appeal.


 The
statement of points may be filed separately or it may be combined with a motion for new
trial.


 The failure to timely file a statement of points does not deprive the appellate court
of jurisdiction over the appeal; however, it is necessary to preserve a point for review on
appeal.


 
          In 2005, in response to what it perceived as judicial activism, the Texas Legislature
enacted § 263.405(i), effective for appeals filed after September 1, 2005, which provides:
The appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on which
the party intends to appeal or in a statement combined with a motion for new
trial. For purposes of this subsection, a claim that a judicial decision is
contrary to the evidence or that the evidence is factually or legally insufficient
is not sufficiently specific to preserve an issue for appeal.
While several of our sister courts have questioned the practical application and
constitutional validity of this statute,


 every appellate court called upon to address this
question has agreed that the clear language of the statute prohibits appellate courts from
considering points not properly preserved by the timely filing of a statement of points.


 
          We are cognizant that the natural right existing between a parent and child is of
constitutional dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). We are also
aware that the application of this statutory limitation to the right of appeal can have harsh
results. In re R.C., No. 07-06-0444-CV, 2007 WL 1219046, at *1 (Tex.App.–Amarillo, April
25, 2007, no pet.). Nevertheless, we do not believe that it is an appropriate function of this
Court to create a means of recourse by fabricating an interpretation that would expand the
legislatively created procedures for perfection of a statutorily-created right of appeal. It is
the duty of this Court to administer the law as it is written, and not to make the law. To do
so would amount to blatant legislating from the bench.


 
          The final order in this case was signed on July 24, 2007. Sneed’s trial counsel filed
a motion for new trial; however, no statement of points was included in that motion. The
deadline in which to file a timely statement of points was August 8, 2007. Sneed’s failure
to file a statement of points prohibits this Court from considering her issue that the trial
court abused its discretion in denying her Motion for Continuance and her Motion for New
Trial. 
          Accordingly, the trial court’s order is affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice